EZRA B. BARSTOW *et al. vs.* B. LORING YOUNG, *Admr.*

*d.b.n.c.t.a.*

DECEMBER 14, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an appeal from a decree of the probate court of the city of Providence entered upon a petition filed by the appellee under general laws 1938, chapter 579, § 15, alleging the arising of questions concerning the construction, payment and satisfaction of certain legacies under the will of Esther Hinckley Baker, of whose estate he is administrator *d.b.n.c.t.a.* The action was certified by the superior court to this court on an agreed statement of facts under the provisions of G. L. 1938, chap. 545, § 4.

From that statement the following material facts appear. Esther Hinckley Baker, hereinafter referred to as the testatrix, died on May 5, 1923, leaving a will dated May 7, 1918 and three codicils thereto, all duly admitted to probate in Providence. Surviving her were four nephews, two nieces and the son of a nephew who died August 27, 1918.

By the second clause of her will the testatrix bequeathed to Alice R. Barstow, a niece, during her life the income from $40,000. In that clause the testatrix also made certain provisions for the benefit of the surviving husband and children, if any, of said niece, in connection with the disposition of said sum of $40,000 after the death of said niece. The clause then continued as follows: "In case of the decease of the said Alice R. Barstow . . . without issue, the principal sum representing the share of the deceased shall fall into the residue of my estate, after the decease of a surviving husband . . . , if any there be, who, as provided in this Clause Second, is to receive the income during his . . . life." Alice R. Barstow died August 10, 1940 unmarried, her heirs at law being her brother, Rogers L. Barstow and her two nephews, the appellants herein, children of her deceased brother Ezra B. Barstow.

By her residuary clause the testatrix set up a trust to pay her friend Elizabeth Dorrance Bugbee the income from said

residue for the latter's life and further provided, "and upon the death of the said Elizabeth Dorrance Bugbee, or, in case she does not survive me, at my own death, to convey and divide the same equally to and between my nephews and nieces and their heirs, the heirs of a deceased nephew or niece to take said decedent's share, free of all trust." Elizabeth Dorrance Bugbee predeceased the testatrix.

The first and third codicils have no bearing on the questions in this case. The second codicil, executed July 6, 1920, contained the following language: "Second, Whereas in my said last will and testament dated May 7, 1918, I did devise the rest and residue of my estate unto my nephews and nieces equally, share and share alike—the children of a deceased nephew or niece to take the parents share—I do now confirm the said legacy with the following exception: . . . ." This exception is not material to the issues in this case.

On the date of the death of Alice R. Barstow only one other niece and one nephew of the testatrix were living, three nephews having died before that time but subsequent to the death of the testatrix. Each of these three nephews left a child or children living at the time of Alice R. Barstow's death, the two children of the deceased nephew Ezra B. Barstow being the appellants, as hereinbefore stated.

The agreed statement of facts sets out that certain questions were raised as to the proper distribution by the appellee, after the death of Alice R. Barstow, of certain portions of the said trust fund established for her benefit; and that the appellee, therefore, petitioned said probate court to have it determine the above-mentioned questions. One of these was: "Is the share which each of the residuary legatees, who has now deceased, would have received if now living, distributable to the personal representative or representatives of such legatee or to his or her heirs-at-law?" By its decree, from which this appeal was later taken, the probate court held that the above-described shares were distributable to the respective personal representatives of such legatees.

The parties hereto, in their statement of facts, agree that the present appeal presents the following question of law only: "Upon the death of Alice R. Barstow to whom should the two shares of the principal of her trust fund, which would have been distributable to Alice R. Barstow and Ezra B. Barstow if now living, be distributed under clause Second and clause Tenth of the Last Will and Testament of Esther Hinckley Baker? More specifically, said general question presents the following specific question: (A) Should said two shares of said trust fund be distributed to: (i) The personal representatives of Alice R. Barstow and Ezra B. Barstow, respectively; or (ii) The heirs of Alice R. Barstow and Ezra B. Barstow, respectively."

The appellants maintain that the two shares of the $40,000 trust fund in question should be distributed by the appellee, as part of the residue of the testatrix's estate, directly to the heirs of Alice R. Barstow and Ezra B. Barstow, respectively, and that therefore said appellants, as the latter's children, are entitled to receive his share, and that they are also entitled to receive one half the share of Alice R. Barstow as her heirs at law to that extent. The basis of the appellants' position is, in substance, that the interests of Alice R. Barstow and Ezra B. Barstow in the fund as part of the residue were not vested but were contingent upon the situation existing at the time of the death of said Alice R. Barstow, the life beneficiary of said fund.

In support of this contention, the appellants argue that the plan of the will and codicils indicates futurity and contingency in vesting; that there are in said instruments indications of that intent on the part of the testatrix such as, among others, the use of certain terms claimed to be of future import, the direction to convey and divide the residue, the failure to refer to remaindermen specifically by name, the provision that heirs or children of a deceased nephew or niece should take the decedent's share; and, finally, the appellants argue that they take by direct gift as purchasers.

On the other hand, the personal representatives of Alice

R. Barstow and Ezra B. Barstow urge that the two shares of the fund should be distributed to said personal representatives, respectively, on the ground that the interests of the said Alice R. Barstow and Ezra B. Barstow in said fund as part of the residue were vested at the time of the testatrix's death and were not contingent.

In view of these contentions, the certified questions must be answered by a consideration of the will and codicils of the testatrix, and, in particular, the portions thereof above referred to. The duty of the court is to determine, if possible, the intent of the testatrix and, if it is lawful, to give it effect. Each case of this kind has to be decided in the light of the instruments before the court and the language the testator has employed in them to express his intent.

It appears that, by the second clause of the will, a trust with the sum of $40,000 as its *corpus* is set up. Under the provisions of that clause, on the death of the life beneficiary Alice R. Barstow in 1940, under the circumstances then existing, the said $40,000 fell into the residue of the testatrix's estate. We are dealing, therefore, with interests of Alice R. Barstow and Ezra B. Barstow under the residuary clause. The provisions of that clause thus became important and largely controlling. The language used by the testatrix in the residuary clause in regard to the time of distribution is expressed in the alternative and is clear and unambiguous. This language is as follows: ". . . and upon the death of the said Elizabeth Dorrance Bugbee, or, in case she does not survive me, *at my own death,* to convey and divide the same equally to and between my nephews and nieces and their heirs, the heirs of a deceased nephew or niece to take said decedent's share, free of all trust." (italics ours)

Upon consideration, we are of the opinion that the instruments before us show that it was the intention of the testatrix that, in the event the life beneficiary Elizabeth Dorrance Bugbee, referred to in the residuary clause, died before the testatrix, which was the case, then the latter's nieces and nephews living at the death of the testatrix should have

a vested interest in the residue of her estate. This conclusion is reached because the testatrix used express and unequivocal language in the residuary clause directing that the distribution thereunder be made "at my own death." Unless we find a contrary intent clearly expressed or indicated elsewhere in the will and codicils, the expressed intent must be given effect, and the law generally, in these circumstances, favors the vesting of such an interest. We have found no such clear intent to the contrary either in the general plan of the will and codicils or in any language considered in its proper context.

The appellants, however, argue that the second codicil shows that the testatrix intended to attach futurity in vesting to her devise of the residue. The use of the word "children" in the parenthetical clause in this codicil, in our opinion, does not strengthen their contention herein. When the will and codicil are considered together this language does not clearly indicate any intent on the part of the testatrix to alter the substance or meaning of the residuary legacy, so called, as contained in the original will. Nor does it indicate an intent to attach futurity to the substance of said legacy. Indeed, the language of this codicil expressly confirms the "legacy" set out in the residuary clause in the original will with one exception, which is not material here.

The appellants have also cited cases decided by this court in which futurity in vesting, following the termination of a previous life estate, was found to be the intent of the testator. Many of such cases refer to the indications of futurity to which the appellants have called our attention. However, an examination of those authorities shows that they are distinguishable from the instant case. None of them has a residuary clause which contains language expressly directing distribution on the death of the testator, as in the instant case. Moreover, in many of them, by reason of specific language used and the obvious general plan of the will, it was clear that the testator intended to attach futurity in vesting to the devise being considered. Often

such words as "then living", "at that time", or "surviving", when considered with their particular context, clearly revealed that the testator's intent was of that nature.

But the appellants also maintain that, notwithstanding the absence of such phrases as referred to by them, this court has at times, from a consideration of a will as a whole, deduced an intention on the part of the testator to defer vesting. See *De Wolf* v. *Middleton,* 18 R. I. 810; *Butler* v. *Chase,* 51 R. I. 9. We do not find any case, however, in which the court has made that deduction in the face of such clear and unqualified language as appears in the residuary clause of the will now before us. We are, therefore, unable to agree that the plan of the will and codicil indicates futurity in vesting in respect to the residuary interest of Alice R. Barstow and Ezra B. Barstow in the $40,000 fund.

In our judgment, the instant case resembles in several respects *Hayden for an Opinion,* 51 R. I. 117. There the testator directed his executors to deposit in a trust company a certain sum of money or securities in order to provide an annuity for his housekeeper. He then directed that upon the death of the housekeeper the principal of the fund should go into the residue of his estate. This residue was to be divided into eight equal parts, and he bequeathed one of such parts to each of eight nephews and nieces whom he named, with directions to cover the case, if any of said beneficiaries should die leaving issue or without issue. One of the nephews died subsequent to the testator, but prior to the death of the housekeeper. The court held that the nephews and nieces living at the time of the testator's death had vested interests in the trust fund, and that the subsequent death of the nephew in question did not divest his interest, but that his share should be paid to the administratrix of his estate.

At page 118 of the opinion the court used the following language: "A remainder is vested when a definite interest is created in a certain person and no condition is imposed other than the determination of the precedent estate. . . . In

the case of the gift of a residue the general rule is that such a gift will be construed to be vested, unless a very clear intent is shown to postpone the vesting." See also *Re Will of Isaac Reynolds,* 20 R. I. 429; *Roberts* v. *Wright,* 48 R. I. 139.

The residuary clause in the present will is general and, in the absence of language showing a clear and definite intent on the part of the testatrix that a certain portion of her residuary estate be distributed in one manner and that another portion of said residue be distributed in a different manner, the clause will be given a uniform construction and meaning which will apply to all the property which the clause affects. The instruments before us do not create successive residues, each becoming applicable to successive classes of legacies, such as was found to be the situation in *Lyon* v. *Brown University,* 20 R. I. 337.

The fact that Alice R. Barstow had a life interest in the entire income from the fund of $40,000 does not, in itself, necessarily prevent her having also a vested interest in a share of said $40,000 as part of the testatrix's residue. *Starrett* v. *Botsford,* 64 R. I. 1. See also *Industrial Trust Co.* v. *Clarke,* 59 R. I. 152.

Finally, we are unable to agree with the appellants' contention that even if Ezra B. Barstow had a vested interest in the residue it was divested by his death prior to that of Alice R. Barstow. We do not find such an intent from the language used by the testatrix. The instant case is to be differentiated from several cases cited by the appellants in this connection, such as *Tetlow* v. *Taylor,* 54 R. I. 363 and *In Re Norris,* 46 R. I. 57.

We decide, therefore, that Alice R. Barstow and Ezra B. Barstow each had a vested interest at the time of the testatrix's death in her residuary estate, and thus in the $40,000 fund when it thereafter became distributable as part of the residue; that such interest was not later divested; and that the two shares in question of said $40,000 fund should be distributed to the personal representatives of Alice R. Barstow and Ezra B. Barstow, respectively.

The papers in the case with our decision certified thereon are ordered sent back to the superior court for the entry of final order or decree upon said decision.

*Littlefield, Otis & Knowles, James B. Littlefield,* for appellants.

*Gurney Edwards, Hinckley, Allen, Tillinghast & Wheeler, Donald M. Hill and Donald M. Hill, Jr.,* of Massachusetts Bar, and *Arthur M. Beale and Charles A. McDonough,* of Massachusetts Bar, for appellees.