*Joseph E. Beagan, Robert P. Beagan,* for plaintiff.
*Claude R. Branch, Ferd W. Rusch,* for defendant.

HENRY P. STONE, *Tr. vs.* HOPE W. BUCKLIN, *et al.*

JUNE 24, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a bill in equity for the construction of the last will and testament of Nora F. Swan, late of the city

of Providence, deceased. After the cause was ready for hearing for final decree in the superior court, it was certified to this court for our determination in accordance with general laws 1938, chapter 545, § 7.

The main question presented by the bill is: Did the seventh paragraph of the will give the legatees named therein a vested interest, at the death of the testatrix, in the remaining portion of the trust estate under the fourth paragraph of the will; or was their interest contingent upon their being alive at the termination of the preceding equitable life estate?

The respondents are divided into two opposing groups on this question, but neither group has seen fit to retain counsel and have its contention argued and briefed before us. Instead, they have filed answers admitting the allegations in the bill and joining in the prayers therein, and have submitted their rights to the protection of this court. We are thus without the assistance which comes from the earnest advocacy of adversary views by industrious counsel. However, complainant, who is the trustee charged with the duty under the will of paying over the fund in controversy, has tried to supply this void by giving us what, in his opinion, are the most cogent arguments on each side of the question and also by citing the cases which tend to support the respective contentions.

Testatrix died on February 10, 1931. By the fourth paragraph of her will she gave the sum of $7500 to Henry P. Stone, the complainant, in trust, for the following purposes: To invest and reinvest said sum, to change from time to time the place and manner of such fund, to collect the income and to apply it or the principal, or both, in the discretion of the trustee, toward the maintenance and for the benefit of her brother Benjamin Nelson Arnold; and, after his death and the payment of his funeral expenses, to pay the balance of the principal remaining into testatrix's residuary estate to be disposed of under and in accordance with the seventh paragraph of her will.

Such seventh paragraph is as follows: "All the rest residue, and remainder of my estate, real personal or mixed, of which I shall die seized or possessed, or shall have any interest in whatsoever, either legally or equitably, and wheresoever situate, I hereby give devise and bequeath to Charles A. Swan, George H. Swan, both of Cranston, R. I. Edward S. Swan of Providence, Marion W. Dolan of Melrose Highlands, Massachusetts, and Hope W. Bucklin of Mystic Connecticut share and share alike, they to take 'per stirpes' and not 'per capita.' "

All of these residuary legatees and devisees survived the testatrix. Benjamin Nelson Arnold died on March 4, 1942, bringing to an end the preceding equitable life estate. Prior thereto the following residuary legatees and devisees had died: Charles A. Swan on May 31, 1931, unmarried and intestate; Edward S. Swan on July 9, 1934, intestate, leaving a widow surviving; George H. Swan on December 24, 1935, testate and unmarried; Marion W. Dolan on October 30, 1933, married and intestate, leaving her husband and four children, Ruth A. Hopkinson, Eleanor H. Benet, Dorothy D. Meserve and Winthrop W. Dolan surviving. Only Hope W. Bucklin survived the equitable life beneficiary and is now living.

It is contended on behalf of one group of these respondents, namely, those claiming under the Swans and hereinafter referred to as the Swan claimants, that the testatrix intended her gift over of the remaining portion of the trust fund to vest in her residuary legatees and devisees at her death and that, in the event of the death of any of them, leaving issue, before the termination of the preceding trust estate, she intended that the interest of such deceased should be divested and vest in such issue *per stirpes* and not *per capita*. On behalf of the other group of respondents, namely, those claiming under Marion W. Dolan, hereinafter referred to as the Dolan heirs, and Hope Bucklin, it is contended that the testatrix intended to postpone the vesting in interest of the gift over until the termination of the preceding trust

estate, at which time only those legatees then living and the issue of any deceased legatee would take.

From our consideration of the language of the will and of the decided cases in this state, construing the effect of similar language in wills before this court, we are of the opinion that the contention of the Swan claimants is correct. By the seventh paragraph the testatrix has clearly given the residue of her estate to certain named beneficiaries. Without more, it is plain from that paragraph that she intended those beneficiaries to have her residuary estate. Her will took effect at her death. All of these beneficiaries were living at her death. Because the words "per stirpes and not per capita" appear in the residuary paragraph, it is contended, in effect, that they necessarily raise the inference that testatrix intended to place that portion of her property which might fall into the residue after her death in a different category from her other property. We cannot find any language elsewhere in the will to support such a view; and those technical expressions, of themselves, do not clearly raise such an inference. The residuary paragraph here is general and, under our law, it will be given a uniform construction, that is, in the absence of a testamentary intention clearly expressed or necessarily implied, that certain property under such paragraph is to be distributed differently, the paragraph will be construed to provide for a uniform distribution. *Barstow* v. *Young*, 68 R. I. 467, 29 A. 2d 640.

There are no words of futurity annexed to the substance of the gift of the residue. The testamentary language of the seventh paragraph is "I hereby give devise and bequeath", which are clearly words of gift of a present interest and which, if standing alone, would unquestionably vest title in the legatees at the death of the testatrix. But because the testatrix has added the words "they to take 'per stirpes' and not 'per capita' " it is contended that she thereby disclosed an intention to annex futurity to the gift, at least as to her trust estate under the fourth paragraph. This argument is without merit.

A similar contention was made in *In re Norris,* 46 R. I. 57, and was rejected by this court. There it was held that these technical expressions superadded to a gift by a testator in this manner "should be construed to mean that children of a deceased child shall take the share which his or her parent would have been entitled to in possession and enjoyment, if then living." And the court further pointed out: "It is well established in our decisions that a remainder, although vested in right, may be divested upon the happening of an event before the remainder vests in enjoyment."

A gift of the residue will always be construed to be vested unless the will shows a clear intent to postpone such vesting. *Aldrich* v. *Aldrich,* 43 R. I. 186; *Rhode Island Hospital Trust Co.* v. *Beckford,* 67 R. I. 492. There are two rules of testamentary construction which are in aid of such a view,—first, the law favors vesting if the testator's intention be doubtful; and second, the law seeks to avoid intestacy, which would often be, and always may be the result of postponing vesting after the testator's death. *Hayden for an Opinion,* 51 R. I. 117. And it is a well-established principle of the construction of wills that every intendment of a testator is deemed to be against intestacy.

In the instant case the danger of intestacy is well illustrated. Four of the five residuary legatees died before the determination of the preceding equitable life estate. Only one of the four left lawful issue, and only one legatee survived. If vesting of the interest of these legatees was postponed it is apparent that the testatrix, despite the effort which she made to dispose of her property, has just barely escaped intestacy as to the final disposition of the property which fell into the residue by virtue of the fourth paragraph. Of course if her intention was to postpone vesting notwithstanding such risk of intestacy, it must be given effect. But before giving effect to such an intention it must be found clearly expressed in her will, or at least necessarily implied.

There is no such intention to be gathered from the language of the instant will. The most that could be argued is

that by adding the words "they to take 'per stirpes' and not 'per capita'", the testatrix has rendered her intention doubtful. But in such a case, according to the great weight of our decisions, the gift is to be held vested rather than contingent. *Rhode Island Hospital Trust Co.* v. *Shaw,* 50 R. I. 78. In that case the court gave effect to the words *per stirpes* and not *per capita* rather than disregard them as was done in *Gee for an Opinion,* 44 R. I. 132. In the latter case the court was presented with a peculiar situation which made such action a necessity in order to give effect to prior plainly expressed language of the testator.

In the light of the above rules, whatever doubt the testatrix here may have cast upon her intention, we are constrained to resolve it in favor of an intention on her part to vest the gift over of the remaining trust estate in the named residuary legatees, subject to the share of any legatee, who should die leaving lawful issue, being divested and vesting in such issue in equal shares *per stirpes* and not *per capita.* We thus give effect to the language which the testatrix has used, without doing violence to the established principles which have been followed in most of the decisions of this court in cases of a similar nature. See *In re Norris, supra,* 57, 69.

For the reasons above stated, we, therefore, answer the questions propounded to us as follows: 1. The legatees named in the seventh paragraph of the will took a vested interest in so much of the trust created by the fourth paragraph of the will as should remain at the termination of the trust estate. Such vested interest became vested in possession and enjoyment (a) in each legatee who survived the death of the life beneficiary of the trust estate, (b) in the estate of any legatee who died, without lawful issue, before the beneficiary of the trust estate, and (c) in the lawful issue of any legatee who thus deceased, in equal shares *per stirpes* and not *per capita.*

It is not necessary to answer any further questions except to say that, in accordance with this opinion, the trustee

should pay over a one-fifth share of the residue to each of the following: Hope Bucklin; the personal representative of Charles A. Swan; the personal representative of Edward S. Swan; the executor of the will of George H. Swan; and the Dolan heirs, to wit, Ruth A. Hopkinson, Eleanor H. Benet, Dorothy D. Meserve and Winthrop W. Dolan, share and share alike in the one-fifth share which vested in their mother at the death of the testatrix, and which divested at her decease, leaving lawful issue, before the termination of the trust estate. Such heirs do not take as such from their mother but as purchasers under the will of the testatrix. *In re Norris, supra,* 64.

The parties may appear before this court on July 6, 1943, and submit for our approval a decree, in accordance with this opinion, for entry in the superior court.

*Russell W. Richmond,* for complainant.

No appearance for respondents.